IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN M. MOORE,<br>  Petitioner,<br>                v.<br>TYRONE OLIVER,<br>  Respondent. | Civil Action No.<br>1:24-cv-01063-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge John K. Larkins, III [ECF 10], which recommends that Respondent Tyrone Oliver's motion to dismiss the petition as untimely [ECF 8] be granted and that the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus be dismissed pursuant to 28 U.S.C. § 2244(d). Petitioner Justin M. Moore filed objections to the R&R [ECF 13].

After careful consideration of the entire record, Moore's objections are **OVERRULED**, and the R&R is **ADOPTED** in full. Oliver's motion to dismiss [ECF 8] is **GRANTED**. Moore's petition for a writ of habeas corpus [ECF 1] and a certificate of appealability are **DENIED,** and this action is **DISMISSED**.

**I.   Background**

Moore, an inmate at Riverbend Correctional Facility in Milledgeville, Georgia, filed this action to challenge his December 6, 2010, conviction by a Fulton County Superior Court jury for felony murder, aggravated assault, fleeing and

1

attempting to elude police, and possession of a firearm during the commission of a felony.[1] The Georgia Supreme Court affirmed Moore's conviction on January 27, 2014. *Moore v. Georgia*, 294 Ga. 450 (2014). On July 6, 2015, Moore filed a *pro se* habeas corpus petition in Hancock County Superior Court.[2] The state habeas court denied the petition on March 22, 2018.[3] Although Moore filed a notice of appeal from that denial on September 15, 2017,[4] it does not appear that he filed an application for a certificate of probable cause (CPC) with the Georgia Supreme Court. Moore then filed another petition for a writ of habeas corpus in Baldwin County Superior Court on November 22, 2022,[5] which that court dismissed as untimely and successive.[6] On January 9, 2024, the Georgia Supreme Court denied Moore's application for a CPC related to the Baldwin County petition.[7] Moore signed the instant § 2254 petition on February 29, 2024, and the case was initiated on March 11.[8]

---

1   ECF 1; *see also Moore v. Georgia*, 294 Ga. 450, 450 n.1 (2014).

2   ECF 9-1.

3   ECF 9-2.

4   ECF 9-3.

5   ECF 9-4.

6   ECF 9-5.

7   ECF 9-7.

8   ECF 1.

2

Excluding certain exceptions that do not apply here, under 28 U.S.C. § 2244(d)(1), petitioners must file their § 2254 petition within one year of the date that their state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2).

The R&R determined that, after the Georgia Supreme Court affirmed Moore's conviction on January 27, 2014, he had ninety days—*i.e.*, until April 28, 2014—to seek certiorari review with the United States Supreme Court.[9] Because Moore did not seek such review, his judgment became final, and the limitations period began to run on that date, and expired one year later on April 28, 2015.[10] The R&R further concluded that Moore is not entitled to statutory tolling under § 2244(d)(2) because he did not file his first state habeas corpus petition until July 6, 2015, which was after the limitations period had already expired.[11] The R&R also noted that Moore made no argument that might show how he is entitled to

---

[9]   ECF 10, at 4.

[10]  *Id.*

[11]  *Id.* at 4–5.

equitable tolling.[12] For those reasons, the R&R recommends that this matter be dismissed as untimely.

## II. Applicable Legal Standards

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections specifically identifying the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. The district court may consider or decline to consider an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by

---

12   *Id.* at 5 n.4.

4

the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III. Discussion

In his objections, Moore concedes that his petition is untimely, but asserts that the reason for his failure to timely file was his appellate counsel's "abandoning" of his case.[13] He further asserts that, if he has met the requirements of § 2254(d) by showing that the state courts unreasonably applied federal law or based their decision on an unreasonable determination of the facts, the statute of limitations does not apply.[14] Finally, Moore indicates that the statute of limitations should not apply in this case because the jury's verdict was repugnant.[15] For the following reasons, Moore's objections are **OVERRULED**.

First, construing Moore's contention that his appellate attorney abandoned the case as an argument that he is entitled to equitable tolling, such "tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his

---

[13] ECF 13, at 2.

[14] *Id.*

[15] *Id.* at 3–4.

rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Moore argues only that his appellate counsel "abandon[ed]" him after the appeal instead of filing a § 2254 petition on his behalf. However, "[i]t is well established that attorney error [even assuming that there was error here] is not an extraordinary circumstance warranting equitable tolling." *Wainwright v. Sec'y, Dep't of Corr.*, 537 F.3d 1282, 1286 (11th Cir. 2007) (citing *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); and *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999)). Moore makes no further argument that he could not have filed a § 2254 petition on his own behalf in the year after his convictions were affirmed, and he has made no showing that he has been diligent in pursuing his rights because, for example, he has not demonstrated that he did anything during the approximately fifteen-month period between the completion of his direct appeal and the filing of his state habeas corpus petition.

Second, Moore has not cited to any case law, and this Court is aware of none, that holds that the § 2244(d) statute of limitations does not apply if the petitioner can meet the requirements of § 2254(d). Indeed, the argument is nonsensical because the § 2254(d) requirements only establish the substantive requirements for § 2254 relief. Reading §§ 2244 and 2254 in the manner advocated by Moore would

6

obviate the applicability of the statute of limitations entirely and thus render the § 2244(d) limitations period meaningless. The Court must "avoid statutory constructions that render provisions meaningless." *Bouchard Transp. Co., Inc. v. Updegraff*, 147 F.3d 1344, 1351 (11th Cir. 1998).

Third, Moore's argument that the statute of limitations should not apply because his conviction or sentence is repugnant similarly fails. There simply is no special class of claims that are exempt from the statute of limitations. *See Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (holding that federal habeas corpus claim that the trial court lacked subject matter jurisdiction, a due process claim, is subject to federal limitations period); *Williams v. United States*, 383 F. App'x 927, 929–30 (11th Cir. 2010) (holding that jurisdictional claim was subject to one-year limitations period under 28 U.S.C. § 2255(f)); *Harrell v. White*, 2014 WL 1017878, at *1 (S.D. Ala. Mar. 17, 2014) ("[C]ourts have uniformly rejected the proposition that jurisdictional claims are exempt from AEDPA's one-year limitations period."); *Wilwant v. Stephens*, 2013 WL 3227656, at *2 (N.D. Tex. June 25, 2013) (citation omitted) ("[T]his court agrees with other federal district and circuit courts holding that a federal petitioner cannot evade the effect of the statute of limitations by the 'simple expedient' of arguing that his conviction or sentence is void.") (collecting cases). In summary, undersigned agrees with the R&R that Moore's petition is untimely and must be dismissed.

Lastly, undersigned agrees with the R&R that Moore has not made the requisite showing for a Certificate of Appealability.[16] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where, as here, "a COA request concerns a procedural ruling, the required showing must include both the procedural issue and the constitutional issue." *Id.* For the reasons discussed above, the Court concludes that reasonable jurists would not find this dismissal on statute of limitations grounds "debatable," and therefore a COA is **DENIED**.

IV.   **Conclusion**

Moore's objections are **OVERRULED**. The R&R [ECF 10] is **ADOPTED** as the order of this Court. Oliver's motion to dismiss the petition as untimely [ECF 8] is **GRANTED**, the instant petition for a writ of habeas corpus [ECF 1] is **DENIED**, and this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 2244(d).

---

[16]   ECF 10, at 6–7.

Further, a Certificate of Appealability is **DENIED**. If Moore wants appellate review of this order, he may seek a certificate of appealability from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22. R. 11(a), R. Governing § 2254 Cases in the U.S. Dist. Cts.

The Clerk is **DIRECTED** to mail a copy of this Order to Moore and close this case.

**SO ORDERED** this 2nd day of January, 2025.

                                                                Steven D. Grimberg
                                                          United States District Judge